### Baker v. E. C. Duff, Jr.

(Decided October 5, 1915.)

Appeal from Perry Circuit Court.

Elections—Contests—Weight and Sufficiency of Evidence Offered to Impeach Election for Bribery of Electorate.—In this election contest, it was shown that a fund of possibly two thousand dollars was raised and distributed by certain of the Republican candidates for county offices, but there is no proof of appellee's having contributed any sum to this fund, or that any of it or

any other money was expended by appellee in bribing voters, or that any sum sufficient to have produced a material change in the result was used for appellee, by any one else, in the purchase of votes. The proof is therefore deemed insufficient to impeach the election.

W. E. FAULKNER, H. C. FAULKNER & SONS, REBEL MARTIN and W. C. EVERSOLE for appellant.

F. J. EVERSOLE and HOGG & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

At the November election, 1913, appellant, R. M. Baker, was the Democratic candidate, and appellee, E. C. Duff, Jr., the Republican candidate, for the office of county judge of Perry County. Appellee's majority on the face of the returns was one hundred and sixty-eight votes, and he was awarded the certificate of election.

Baker thereupon instituted this contest proceeding; and upon a trial, his petition was dismissed. He appeals.

The contest was grounded upon charges of irregularities in the conduct of the election, fraud, intimidation and violence, and upon the charge of bribery of the electorate; but, upon this appeal, it is conceded by appellant that while there is some proof of irregularities and fraud, there is not sufficient proof thereof to vitiate the election; and appellant rests his claims herein upon the proof in respect of bribery.

A careful study of the evidence renders it reasonably certain that a fund of possibly two thousand dollars was assembled by certain of the Republican candidates for county offices in the election in question, and that this fund was distributed into at least eight of the ten precincts of the county, although the proof of the actual use of this fund in the bribery of voters is meager.

Normally, the county is Republican by a large majority; and the entire Republican ticket was elected in 1913; but although there were 1,660 Republican votes cast at the primary election in August, appellee in the general election only received 1,231 votes; this is said to have been caused by the fact that appellee had theretofore been the Democratic candidate for the same office.

That there is presented in the record some basis for a belief that appellee did in fact obtain the benefit of some few purchased votes—however, not exceeding twelve or fifteen—may be admitted; but there is no proof that any

of the fund mentioned was contributed by appellee, or that any of it or of any other money was expended by appellee in the bribery of voters, or that any amount sufficient to have materially changed the result was expended by any one else for appellee in the purchase of votes.

We therefore deem the proof insufficient to impeach the election of appellee. To declare it void, or to declare appellant elected, this court would of necessity be compelled to rest its action largely upon suspicion and surmise rather than upon proven facts and undeniable inferences.

The judgment is affirmed.